# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES CLARK,

        Petitioner,               Case Number: 2:16-cv-13086
                                                      HONORABLE ARTHUR J. TARNOW

v.

DEWAYNE BURTON,

        Respondent.

_____/

## OPINION AND ORDER TRANSFERRING CASE TO
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Charles Clark, a Michigan state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

Clark challenges his 2003 convictions for first-degree home invasion, assault with intent to do great bodily harm less than murder, and armed robbery.  In 2006, Smith filed a habeas corpus petition in the United States District Court for the Western District of

---

[1]     28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

Michigan challenging the same convictions challenged in this petition. The petition was denied on the merits and the court declined to issue a certificate of appealability. *See* 9/14/09 Opinion and Order, *Clark v. Lafler*, No. 4:06-cv-00032, ECF No. 43 (Bell, J.). The Sixth Circuit Court of Appeals denied Clark's application for a certificate of appealability. *Smith v. Withrow*, No. 09-2383 (6th Cir. Aug. 23, 2010).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Clark's prior habeas petition was dismissed on the merits. He has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition in this court. When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **ORDERS** the District Court Clerk to transfer this case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

                                          s/Arthur J. Tarnow
                                          ARTHUR J. TARNOW
                                          UNITED STATES DISTRICT JUDGE

Dated: September 14, 2016